UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| KORY L. TURNER, | |
| *alias* KORY L. TURNER-BEY, | |
| | No. 6:11-CV-00340-KSF |
| Plaintiff, | |
| | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| | |
| WARDEN RICHARD B. IVES, | |
| | |
| Defendant. | |

***** ***** ***** *****

Plaintiff Kory L. Turner, who identifies himself as "Kory L. Turner-Bey," has filed a *pro se* complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, ("the FTCA") 28 U.S.C. §§ 1346(b), 2671-2680. [R. 1].[1]

As Turner has been granted *in forma pauperis* status and is asserting claims against a government official, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these sections require dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from

---

[1]     When Turner filed this action on December 13, 2011, he was confined in the United States Penitentiary-McCreary, ("USP-McCreary"), located in Pine Knot, Kentucky. On January 10, 2012, Turner stated that he was being transferred "to Holdover," [R. 8, p. 2], indicating that the Bureau of Prisons ("BOP") was transferring him to another federal prison. As of January 23, 2012, the BOP's official website listed Turner's place of confinement as the Federal Correctional Institution, Medium II, located in Butner, North Carolina. *See* www.bop.gov ("Inmate Locator" feature).

defendants who are immune from such relief. *Id*.; *see also*, *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

For the reasons set forth below, Turner's constitutional and FTCA claims will be dismissed without prejudice for obvious lack of administrative exhaustion.

## ALLEGATIONS OF THE COMPLAINT

Turner's allegations are confusing and difficult to comprehend, but he appears to allege that Richard Ives, Warden of USP-McCreary, and/or the BOP, knowingly and willfully prevented his family from depositing funds into his inmate trust account at USP-McCreary. Turner alleges that by doing so, Ives and/or the BOP impaired his (Turner's) right of access to the court, obstructed justice, denied him due process of law, and subjected him to cruel and unusual punishment. His claims therefore fall under the First, Fifth, and Eighth Amendments, respectively, of the United States Constitution. To the extent that Turner described Ives as a "tortfeasor," [R. 1, pp. 1-2], and complained of ". . . torts being committed. . ." against him, [R. 1-2, p. 10], he may also be asserting claims under the FTCA.

Turner's attachments reveal that he partially exhausted his constitutional claims through the BOP's administrative remedy process set forth in 28 C.F.R. §§ 542.10-542.19. [2] On July 21,

---

[2]     The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. §542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10] and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

(continued...)

2011, Turner submitted a Request for Administrative Remedy to Warden Ives, alleging that his family and friends had been unable to deposit funds into his inmate account, and that funds in his inmate account at the Queen Facility Jail, New York, and Rikers Island Jail, New York, had not been posted to his federal inmate account at USP-McCreary. [R. 1-2, p. 3].

On August 2, 2011, Warden Ives denied Turner's Remedy Request (No. 649425-F1). [Id., p. 4]. Ives stated that when Turner was transferred to USP McCreary on June 23, 2011, his inmate account balance was $1.85; that as of August 1, 2011, no other deposits had been made to his inmate account; that if Turner's family and friends had questions about sending funds to him, they could contact the National Lockbox at phone number 202-307-2712; and that Turner needed to contact Queen Facility and Ricker's Island directly to have his funds at those facilities forwarded to the National Lockbox and posted to his inmate account. [Id., p. 4].

On October 6, 2011,[3] the BOP's Mid-Atlantic Regional Office ("MARO") rejected as deficient Turner's BP-10 Appeal because he had: (1) failed to identify adequately either the BOP's alleged actions or the relief he was requesting, and (2) requested compensation in his BP-10 appeal but had not mentioned compensation in his prior BP-9 Request for Administrative

---

[2](...continued)

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

[3]        October 6, 2011, was the date printed on the MARO's Rejection Notice, but someone scratched the date "6" out and handwrote "26" above it. At the bottom of the MARO's Rejection Notice, someone handwrote "Received 11-2-11 Senior Officer 'M.' (Last name illegible)." [*Id.*].

Remedy.  [*Id*., p. 5].  The MARO instructed Turner to resubmit his BP-10 appeal, in the proper

form, within 10 days.  [*Id*.]

Turner did not re-submit a corrected BP-10 appeal to the MARO.  Instead, on November

3, 2011, he submitted a BP-11 appeal to the BOP's Central Office.  [*Id*., p. 6].  On November

25, 2001, the Central Office rejected the BP-11 appeal as deficient because Turner: (1) had

submitted his appeal to the wrong institutional level, and (2) had not attached the proper number

of continuation pages, and/or lower level appeal documentation.  [*Id*.].  The Central Office

instructed Turner to "Follow Directions on BP-10 and Refile [sic] BP-10."  [*Id*.].  Turner did not

follow the Central Office's instructions, but instead filed this action on December 13, 2011.

Turner seeks injunctive relief in the form of an Order "directing the BOP to fulfill its

contractual obligation." [R. 1, p. 2].  He also seeks damages in the amount of $150,000.00.

## DISCUSSION
### 1. *Bivens* Constitutional Claims Against the BOP

Turner's construed claim for damages against the BOP will be dismissed for failure to

state a claim upon which relief can be granted.  The doctrine of sovereign immunity precludes

the recovery of damages from the BOP.  Federal courts do not have jurisdiction to consider

actions for monetary damages against the United States unless sovereign immunity has been

waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Because the principle of sovereign

immunity applies equally to agencies of the United States, agencies are also immune from suit

in the absence of a waiver of sovereign immunity.  *See Whittle v. United States*, 7 F.3d 1259,

1262 (6th Cir.1993) (citing *United States v. Testan*, 424 U.S. 392 (1976)).  Therefore, because

Congress has not waived sovereign immunity for constitutional torts, Turner cannot sue the BOP, a federal agency.

2. *Bivens* Constitutional Claims Against Warden Ives

Turner's First, Fifth, and Eight Amendment claims against Warden Ives must be dismissed without prejudice because it is obvious from the attachments to his Complaint that he failed to fully exhaust those claims prior to filing this action on December 13, 2011. The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before filing suit challenging any aspect of their prison conditions. As noted, the BOP has a four-tiered administrative remedy process which federal inmates must follow prior to filing suit in federal court. *See* 28 C.F.R. §§ 542.10-542.19.

The Supreme Court of the United States has twice held that the statute means precisely what it says. *See*, *Booth v. Churner*, 532 U.S. 731, 741 (2001); Porter v. Nussle, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id*. at 90.

The attachments to the Complaint reveal that despite being given two opportunities to correct his defective BP-10 filing, Turner failed to submit a properly completed BP-10 appeal concerning his claims to the MARO. Instead, Tuner filed a premature BP-11 appeal, which the Central Office rejected because he had never properly submitted his BP-10 appeal to the MARO. Thus, Turner has not complied with the BOP's administrative remedy procedure at either the

5

MARO or Central Office levels; he has not exhausted his claims; and he has tried to short-circuit the exhaustion process by filing this lawsuit on December 13, 2011.

Turner appears to allege that he did all that he was required to do to administratively exhaust his claim, that the process is futile, and  that he should not be required to exhaust his claims any further.  The PLRA, however, requires exhaustion even if the prisoner subjectively believes that the administrative remedy procedure is ineffectual or futile.  *Pack v. Martin*, 174 F. App'x. 256, 262 (6th Cir. 2006).  Therefore, Turner will not be allowed to by-pass the two remaining steps of the BOP administrative process with respect to his constitutional claims.

When the affirmative defense of failure to exhaust appears on the face of a complaint, a district court can dismiss the complaint *sua sponte* on the ground that it fails to state a claim. *Jones v. Bock*, 549 U .S. 199, 214-15 (2007); 28 U.S.C. § 1915A(b)(1)); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (holding that a case under the PLRA can be dismissed *sua sponte* for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust his administrative remedies).

This Court, and other district courts in this circuit, have held in light of Jones, that *sua sponte* dismissal of a complaint is warranted where failure to exhaust is apparent from the face of the complaint.  *Conner v. Ives*, No. 6:11-CV-259-HRW, 2011 WL 6032970, at *3 (E.D. Ky. November 30, 2011); *McKnight v. Holder*, No. 6:11-CV-84-GFVT, 2011 WL 1130524, at *2 (E.D. Ky. March 25, 2011); *Harris v. Smith*, No. 1:10cv1313, 2011 WL 2413490, at *4 (N.D. Ohio June 10, 2011); *Dean v. Prison Health Services*, No. 2:10-cv14135, 2011 WL 1630114, at *10, n. 12 (E.D. Mich. March 28, 2011); *Gunn v. Kentucky Depart. Of Corrections*, No.

6

07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008); *Frost v. Stalnaker*, No. 1:09cv00662, 2009 WL 3873666, at *3 (S.D. Ohio November 18, 2009).

Accordingly, Turner's First, Fifth, and Eighth Amendment claims against Warden Ives will be dismissed without prejudice to Turner filing another *Bivens* action after he has fully completed the administrative remedy process concerning these claims.[4]

### 3.  FTCA Claims

The FTCA is a limited waiver of the United States' sovereign immunity and allows tort claims against it "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (1994); *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995) ("The Act 'waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances.'") (citations omitted).  It permits an action against the United States for wrongful acts committed by its employees during the course of their employment.  *See Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975).

An FTCA action is barred unless the claim is presented to the appropriate federal agency within two years of its accrual and an action is commenced within six months of the agency's denial of the claim.  28 U.S.C. § 2401(b).  The FTCA grants a district court subject matter jurisdiction over such a claim only if it has already been presented to the agency for administrative settlement and the agency has denied the request.  28 U.S.C. § 2675(a); *Garrett*

---

[4]    If, after fully exhausting the claims asserted in this action, Turner files a future *Bivens* civil rights action, he *may* qualify for a waiver of the $350.00 filing fee, but only if he asserts the same claims he raised in this action.  *See Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006). The *Owens* fee-waiver will not apply if Turner asserts unrelated civil rights claims.

*v. United States*, 640 F.2d 24, 25 (6th Cir. 1981).  Compliance with these statutory conditions is a jurisdictional prerequisite to the jurisdiction of a federal court.  *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982); *Garrett,* 640 F.2d at 25.

In other words, the statute of limitations is a condition of the FTCA's waiver of sovereign immunity.  *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).  If the putative plaintiff fails to file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States.  *McNeil v. United States*, 508 U.S. 106 (1993).  The plaintiff has the burden of demonstrating subject matter jurisdiction.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Turner has submitted no documentation showing that he has submitted an administrative claim to the BOP as required by 28 U.S.C. § 2675(a), so he has not established this Court's subject matter jurisdiction over his construed FTCA claims.  Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  The Court will therefore dismiss Turner's construed FTCA claims without prejudice to him asserting a properly documented FTCA claim.

**CONCLUSION**

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)    Plaintiff Kory L. Turner's construed First, Fifth, and Eighth Amendment constitutional claims against the Bureau of Prisons are **DISMISSED WITH PREJUDICE**;

8

(2)      Turner's First, Fifth, and Eighth Amendment constitutional claims against Richard B. Ives, Warden of USP-McCreary, are **DISMISSED WITHOUT PREJUDICE** for obvious failure to exhaust;

(3)      Turner's construed FTCA claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and obvious failure to exhaust;

(4)      If Turner files another federal *Bivens* civil rights action asserting constitutional claims about the conditions of his confinement, he must fully exhaust such claims through the BOP's administrative remedy procedures and either pay the $350.00 filing fee or seek permission to proceed in forma pauperis;

(5)      This action is **DISMISSED** from the docket of the Court; and

(6)      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants; and

(7)      The Clerk of the Court shall send a copy of this Memorandum Opinion and Order, and attached Judgment, to Turner at the following address:

Kory Turner
BOP Register No. 71549-053
FCI-Butner Medium II
Federal Correctional Institution
Butner, North Carolina, 27509.

This January 27, 2012.



**Signed By:**

**_Karl S. Forester_**   K S F

**United States Senior Judge**

9
